# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

Clarence Alston, )
    Petitioner, )
     )
v. ) 1:09cv1336 (JCC/TRJ)
     )
Gene M. Johnson, )
    Respondent. )

F I L E D
MAY 1 0 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Clarence Alston, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of second degree murder and use of a firearm in the commission of a murder by the Circuit Court for the City of Norfolk, Virginia. Respondent has filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Alston was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has opted to file no reply. For the reasons that follow, Alston's claims must be dismissed.

### I.

On March 8, 2006, following a jury trial, Alston was found guilty of second degree murder and use of a firearm in the commission of a felony. Resp. Ex. A. The jury acquitted Alston of additional charges of robbery and a second firearms violation. Resp. Ex. B at 5. On June 8, 2006, Alston was sentenced in accordance with the term set by the jury to serve a total of thirty six (36) years in prison, followed by a ten-year term of supervision. Commonwealth v. Alston, Case No. CR05-2232-00, CR05-2232-01.

Alston petitioned for a direct appeal of his convictions. On January 19, 2007, an appeal was

awarded on the issue of whether the trial court had erred in imposing a term of post-release supervision in excess of the statutory maximum. Appeal was denied as to Alston's second claim of a violation of the rule announced in Brady v. Maryland, 373 U.S. 83 (1963), on the express holding that pursuant to Virginia Supreme Court Rule 1:1, the trial court acted without jurisdiction in ruling on Alston's post-trial motion on the allegedly exculpatory evidence, because more than twenty-one (21) days had elapsed since the final order of conviction had been entered. Resp. Ex. D. By unpublished opinion entered January 8, 2008, the Court of Appeals granted relief on Alston's first claim and remanded the case for a new sentencing hearing. Alston v. Commonwealth, R. No. 1605-06-1 (Va. Ct. App. Jan. 1, 2008). Following a hearing on April 10, 2008, Alston's period of supervised release was reduced to three years. Resp. Ex. A at 31 - 32. Alston subsequently petitioned the Supreme Court of Virginia for further review, and his petition was refused. Alston v. Commonwealth, R. No. 080268 (June 25, 2008). Resp. Ex. E.

On January 29, 2009, Alston filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia, alleging that the trial court lost subject matter jurisdiction over his case when it "pulled the jury out of its deliberations to answer questions and further instruct [the] jury" outside of Alston's presence. Resp. Ex. F. By Order dated July 6, 2009, the Court dismissed Alston's petition on the holding that the claim asserted was "barred because this non-jurisdictional issue could have been raised at trial and on direct appeal and thus, is not cognizable in a petition for writ of habeas corpus." Alston v. Dir., Dep't of Corrections, R. No. 090212 (July 6, 2009), slip op. at 2 (citing Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975)). Resp. Ex. H.

Alston then turned to the federal forum and timely filed this application for relief pursuant to 28 U.S.C. § 2254 on November 19, 2009.[1] Alston raises the following claims:

1. The Commonwealth failed to provide exculpatory evidence to defense counsel, in violation of Alston's right to due process and Brady, supra.

2. The trial court forfeited its subject matter jurisdiction in violation of Alston's rights under the Sixth and Fourteenth Amendments when it pulled the jury out of its deliberations to answer its questions and provide further instructions outside Alston's presence.

On February 2, 2010, respondent filed a Motion to Dismiss Alston's claims. Alston was provided with the appropriate notice pursuant to Roseboro, 528 F.2d at 309, and he chose not to file a reply. Based on the pleadings and record before this Court, it is uncontested that Alston has exhausted both of his claims as required under 28 U.S.C. § 2254.[2] Accordingly, this matter is now ripe for review.

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers it to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). Here, Alston certified that he placed his petition in the prison mailing system on November 19, 2009, Pet. at 15, and the petition was date-stamped as received by the Clerk on November 27, 2009. Pet. at 1.

[2] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a § 2254 applicant in this jurisdiction must first have presented the same factual and legal claims raised in his federal petition to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus proceeding. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

## II.

A federal claim is procedurally defaulted where "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006) (quoting Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998)). A state procedural rule is "adequate" if it is firmly established and regularly or consistently applied by the state court, and "independent" if it does not depend upon a federal constitutional ruling. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998).

A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66

F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

## III.

As the respondent argues in his Motion to Dismiss and supporting brief, both of petitioner's claims are procedurally barred from federal consideration on the merits. As to petitioner's first claim, the Court of Appeals of Virginia on direct appeal refused to consider the argument because it was raised in the trial court only after that court had lost jurisdiction by operation of Virginia Supreme Court Rule 1:1. Such a jurisdictional time limitation is an independent and adequate state law ground that precludes federal review of the merits of a claim. Coleman, 501 U.S. at 740 - 41; see also, Crowley v. Landon, 780 F.2d 440, 444 (4th Cir. 1985) (describing Rule 1:1 as an unambiguous existing rule of law).[3] Similarly, when petitioner's second claim was raised for the first time in his state habeas corpus application, it was expressly found to be in procedural default on the authority of Slayton, 205 S.E.2d at 682. The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, Alston's second claim likewise is procedurally defaulted in this federal proceeding.

After respondent invoked the procedural bar defense in his Motion to Dismiss, Alston made no attempt to show cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Cf. Harris, 489 U.S. at 260. Therefore, both of the claims of this petition are procedurally barred from federal consideration on the merits.

---

[3]Because the Court of Appeals' order of dismissal was the last reasoned state court decision on the claim, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst, 501 U.S. at 803.

5

IV.

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed. An appropriate Order shall issue.

Entered this 10th day of May 2010.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge